Daniee-, Judge.
 

 This guardian bond'was taken under and by virtue of the act of 1762, (Beu. c. 69.
 
 sec.
 
 7.) whieh directs a guardian bond to be made payable to the “justices present in Court, the survivor or survivors of them, their executors or administrators.” It has been argued by the plaintiff’s counsel that the justices who were present in Court, (one of whom was the defendant,) when the appointment of the guardian and execution of tfie b6nd took place, were a
 
 quasi
 
 corporation for that particular purpose, and although the defendant was one of the corporators, yet he in his individual character, might give a bond to the corporation, and it would bind him.
 

 In the case of the
 
 Justices of Currituck
 
 v
 
 Dozier, (ante 3. vol. p.
 
 287,) where the case stated that
 
 Dozier
 
 was both obligor and obligee with others named in the guardian bond, this Court said, “a guardian bond according to the statute is nothing more than a common law bond payable to individuals and their personal representatives, in trust for another, that
 
 Dozier
 
 was both obligor and obligee, and the bond was void. It seems to us that the aboveinentioned case, and that of
 
 The Justices
 
 v
 
 Bonner, (ante
 
 3
 
 vol.p
 
 289) which is in all things similar, must govern the one now before the Court. — • This case comes within the rule laid down by the Court in the cases of
 
 The Justices
 
 v
 
 Shannonhouse, (ante
 
 2
 
 col. p.
 
 6.) and
 
 The Justices v Armstrong, (Ib.
 
 3.
 
 vol.
 
 284.
 
 )
 

 We think the judgment must be affirmed.
 

 Ter Curiam. — Judgment aeeirmeb. "